UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KATHERINE BEBE PRICE, et al., <br> Plaintiffs, | Case No. 1:21-cv-158 <br> McFarland, J. <br> Litkovitz, M.J. |
| vs. | |
| SCOTT G. OXLEY, et al., <br> Defendants. | REPORT AND <br> RECOMMENDATION |

Plaintiffs Katherine and Richard Price bring this action against Scott G. Oxley and Scott G. Oxley Co., LPA ("the Oxley defendants") and Gregory S. Page and Gregory S. Page Co., LPA ("the Page defendants") alleging violations of Sections 804 and 818 of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*. (Doc. 1). This matter is before the Court on defendants' motions to dismiss/motions for judgment on the pleadings (Docs. 11, 12, 16)[1], plaintiffs' responses in opposition (Docs. 15, 21), and defendants' reply memorandum (Docs. 19, 22).[2]

I. Factual allegations

The amended complaint alleges the following "facts" verbatim:

7) On February 17, 2021 the Plaintiffs filed suit in this Court, case number 1:21-CV-00113 naming Defendants Oxley and Scott G. Oxley Co., LPA among others as Defendants.[3]

8) Defendants Oxley and Scott G. Oxley Co., LPA enlisted Defendants Page and Gregory S. Page co., LPA to coerce, intimidate, threaten and interfere with the

---

[1] The Page defendants filed motions to dismiss and for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6) and (12)(c). (Docs. 11, 12). The Oxley defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 16).

[2] The Oxley defendants' request oral argument on their motion to dismiss. (Doc. 16 at PAGEID 81). The undersigned finds that oral argument is not "deemed to be essential to the fair resolution of the" motions before the Court. Therefore, the Oxley defendants' request is denied. *See* S.D. Ohio Civ. R. 7.1(b)(2).

[3] In *Price v. Country Brook Homeowners Ass'n*, No. 1:21-cv-113 (S.D. Ohio), plaintiffs sued a homeowners association, the Oxley defendants, and others alleging violations of the FHA. The lawyer-Oxley defendants had previously filed a state court action on behalf of the homeowners association seeking the removal of a Vietnamese pot belly pig from plaintiffs' premises. The animal's presence on the property allegedly violated the covenants of the homeowners association. On November 30, 2021, United States Magistrate Judge Bowman issued a report and recommendation recommending that defendants' motions for judgment on the pleadings be granted. (*Id*., Doc. 26).

> Plaintiffs['] exercise and enjoyment of section 804 of the Fair Housing Act.
>
> 9) On March 5, 2021 Defendants Page and Gregory S. Page Co., LPA contacted the Plaintiffs with the expressed purpose to coerce, intimidate, threaten and interfere with the Plaintiffs['] exercise and enjoyment of section 804 of the Fair Housing Act (see exhibit A).

(Doc. 13 at PAGEID 66). The amended complaint[4] further alleges that "Defendants have conspired to coerce, intimidate, threaten and interfere with the Plaintiffs['] exercise and enjoyment of section 804 of the Fair Housing Act. . . ." (*Id.*). The exhibit cited by and attached to plaintiffs' amended complaint is a letter from Gregory S. Page, the lawyer who represents the Oxley defendants in *Price v. Country Brook Homeowners Ass'n*, No. 1:21-cv-113 (S.D. Ohio). The letter advises plaintiffs, inter alia, that if plaintiffs do not dismiss the complaint against Mr. Oxley and his company he will pursue all legal remedies, including filing a motion for sanctions based on plaintiffs' "frivolous conduct." (Doc. 13-1).

## II. Standard of review

Defendants move to dismiss plaintiffs' amended complaint on the basis that it fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). (Docs. 11, 12, 16). Defendants Gregory S. Page and Gregory S. Page Co., LPA similarly seek judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Docs. 11, 12). A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Tucker*

---

[4] On March 28, 2021, plaintiffs filed an amended complaint on the docket of the Court without providing an accompanying reason why it was amended. (Doc. 13). As best the Court can discern, it appears that plaintiffs made only two changes to the substance of their complaint. First, plaintiffs removed the following sentence from paragraph 7: "The Plaintiffs ask the Court to take Judicial Notice of this fact." (Doc. 1 at PAGEID 3; Doc. 13 at PAGEID 66). Second, plaintiffs removed the reference to Exhibit B in paragraph 9. (*Id.*). Plaintiffs nevertheless attached Exhibit B as an exhibit to their amended complaint. (*See* Doc. 13-1, Exh. B, at PAGEID 69-72). Accordingly, as the original complaint (Doc. 1) and the amended complaint (Doc. 13) are substantively the same, it is clear to the Court that the motions to dismiss and for judgment on the pleadings filed by the Page defendants (Docs. 11, 12), which are directed at the original complaint, apply equally to plaintiffs' amended complaint.

*v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). *See also Oro Cap. Advisors, LLC v. Borror Constr. Co., LLC*, No. 2:19-cv-5087, 2021 WL 2457989, at *6 (S.D. Ohio June 16, 2021).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashcroft*, 556 U.S. at 678. "Put another way, bare assertions of legal conclusions are not sufficient." *Sollenberger v. Sollenberger*, 173 F. Supp. 3d 608, 618 (S.D. Ohio 2016). "To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough." *Id*. at 617.

A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III. Resolution

Plaintiffs bring their claims under the FHA, which "prohibits discrimination in the sale or rental of housing and in the provision of housing services or facilities 'because of race, color, religion, sex, familial status, or national origin.'" *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 537 (6th Cir. 2014) (citing 42 U.S.C. § 3604(a), (b)). Specifically, plaintiffs allege that defendants interfered with plaintiffs' property rights in violation of 42 U.S.C. § 3617, the "interference" section of the FHA. That section provides in relevant part:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. To state a claim for relief under § 3617, plaintiffs must allege the following:

> (1) that [they] exercised or enjoyed a right guaranteed by §§ 3603–3606; (2) that the defendant's intentional conduct constituted coercion, intimidation, threat, or interference; and (3) a causal connection between [their] exercise or enjoyment of a right and the defendant's conduct.

*Wells v. Rhodes*, 928 F. Supp. 2d 920, 931 (S.D. Ohio 2013) (quoting *Hood v. Midwest Sav. Bank*, 95 F. App'x 768, 779 (6th Cir. 2004)). Moreover, plaintiffs must allege facts showing defendants acted with a "discriminatory animus." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012). *See also Cooper v. W. & S. Fin. Grp., Inc.*, 847 F. Supp. 2d 1031, 1037

4

(S.D. Ohio 2012) (to state a claim for interference under § 3617, "plaintiffs must allege facts to show defendant falls within the scope of the statute, which applies to 'actors who are in a position directly to disrupt the exercise or enjoyment of a protected right and exercise their powers with a discriminatory animus'") (citing *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 236 (6th Cir. 2003) (citing *Mich. Prot. & Advoc. Serv., Inc. v. Babin*, 18 F.3d 337, 347 (6th Cir. 1994)).

Defendants argue that plaintiffs' amended complaint fails to state a claim under the FHA because plaintiffs fail to allege any facts showing that defendants acted with a "discriminatory animus." (Doc. 11 at PAGEID 40, Doc. 12 at PAGEID 47; Doc. 16 at PAGEID 87-90). Plaintiffs argue that defendant Page's letter (Doc. 13-1), which plaintiffs allege "threatened adverse action to the Plaintiffs if they did not Dismiss their FHA action," would cause a "reasonable person" to believe "that they were being coerced and intimidated." (Doc. 15 at PAGEID 77). Plaintiffs also argue that they made the requisite factual allegations to survive defendants' motions. (*Id*. at PAGEID 76).

Here, the amended complaint provides no factual content or context from which the Court may reasonably infer that any of the defendants violated plaintiffs' rights under the FHA. *Iqbal*, 556 U.S. at 678. First, plaintiffs have not alleged facts showing they exercised or enjoyed a right guaranteed by 42 U.S.C. §§ 3603–3606. Plaintiffs do not allege they were discriminated against on the basis of race, color, religion, sex, familial status, or national origin under §§ 3603 to 3606. *Wells*, 928 F. Supp. 2d at 931. Thus, they fail to satisfy the first element of a claim for relief under § 3617.

Second, plaintiffs have not alleged facts showing that defendants engaged in any

intentional conduct constituting coercion, intimidation, threat, or interference under 42 U.S.C. § 3617. The defendants named by plaintiffs in this case are all lawyers. The Oxley defendants represent the homeowners association in the state court action, and the Page defendants represent the Oxley defendants in *Price v. Country Brook*, the related federal court action. Plaintiffs allege that the defendants in the instant case violated the FHA when the Oxley defendants "enlisted Defendants Page and Gregory S. Page co., LPA to coerce, intimidate, threaten and interfere with the Plaintiffs exercise and enjoyment of section 804 of the Fair Housing Act." (Doc. 13 at PAGEID 66). Plaintiffs allege that the letter written by defendant Page to plaintiffs in connection with the *Price v. Country Brook* action (Doc. 13-1) "coerced and intimidated" plaintiffs in violation of the FHA. (Doc. 15 at PAGEID 77). The letter written by defendant Page that is attached to the amended complaint advises plaintiffs that if plaintiffs do not dismiss the complaint against the Oxley defendants in *Price v. Country Brook*, defendant Page will pursue all legal remedies, including filing a motion for sanctions based on plaintiffs' "frivolous conduct." (Doc. 13-1).

Plaintiffs have not cited and the Court has not found a case where an attorney has been held liable for a client's alleged violation of the FHA by either prosecuting or defending a client's interest in an FHA-related lawsuit. This Court has previously rejected an attempt to hold a lawyer liable under the FHA under similar circumstances. In *Givens v. Wenker*, No. 1:10-cv-382, 2012 WL 1680099, at *7 (S.D. Ohio May 14, 2012), the Court stated, "Plaintiff has asserted no legal theory by which an attorney representing a client in an eviction proceeding can be subjected to civil liability for discrimination under the FHA. 'A lawyer, like other agents, is not as such liable for acts of a client that make the client liable.'" (*Id.*) (citing Restatement (Third) of

6

the Law Governing Lawyers, Section 56 cmt. c (2000)).

In addition, plaintiffs' allegations that the Oxley defendants "enlisted Defendants Page and Gregory S. Page co., LPA to coerce, intimidate, threaten and interfere with the Plaintiffs exercise and enjoyment of section 804 of the Fair Housing Act" (Doc. 13 at PAGEID 66) amount to a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. Plaintiffs have alleged no facts from which the Court can plausibly infer that defendants actions were taken with discriminatory animus. *See also HDC*, 675 F.3d at 613 ("The developers' vague and conclusory allegations that Ann Arbor acted with a discriminatory intent, purpose, and motivation to prevent handicapped people from living on the property do not transform the developers' otherwise insufficient factual pleadings into allegations that plausibly support an inference of discriminatory animus. Indeed, such allegations are [c]onclusory allegations or legal conclusions masquerading as factual allegations.") (internal citations and quotations omitted). Accordingly, the amended complaint fails to state a claim for relief under the FHA.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motions to dismiss/motions for judgment on the pleadings (Docs. 11, 12, 16) be **GRANTED**.

Date: 12/16/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHERINE BEBE PRICE, et al.,　　　　　　　Case No. 1:21-cv-158
　　　Plaintiffs,　　　　　　　　　　　　　　McFarland, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　vs.

SCOTT G. OXLEY, et al.,
　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).